UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Richard L. Adam

    v.                                       Civil No. 07-338-JL
                                              Opinion No. 2008 DNH 104

Thomas A. Hensley, Esq.


**MEMORANDUM AND ORDER**


New Hampshire resident Richard Adam, proceeding pro se, brought this legal malpractice claim against Thomas A. Hensley, Esq., a Massachusetts resident, for damages allegedly arising from his legal representation of Adam in Hawaii. Adam invokes the jurisdiction of the court under 28 U.S.C. § 1332 (diversity of citizenship). Hensley, also appearing pro se, has moved to dismiss the complaint on various grounds.

Oral argument on the motion was held on May 14, 2008. As more fully set forth below, the motion to dismiss is granted because: (1) the court lacks personal jurisdiction over the defendant, (2) venue is improper in this district, and (3) the court lacks subject matter jurisdiction. The court therefore does not reach Hensley's remaining arguments for dismissal.[1]

---

[1] This court is authorized "to choose among threshold grounds for denying audience to [this] case on the merits."

I.   **APPLICABLE LEGAL STANDARD**

When ruling on a motion to dismiss on these grounds, the court must treat all facts pled in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998) (subject matter jurisdiction); Negron-Torres v. Verizon Communs., Inc., 478 F.3d 19, 23 (1st Cir. 2007) (personal jurisdiction); Home Ins. Co. v. Thomas Indus., Inc., 896 F.2d 1352, 1355 (11th Cir. 1990) (venue).  Although it is the defendant who has moved to dismiss, the plaintiff has the burden of establishing subject matter jurisdiction, Stewart v. Tupperware Corp., 356 F.3d 335, 338 (1st Cir. 2004), personal jurisdiction over the defendant, Negron-Torres, 478 F.3d at 23, and proper venue in this court, Ferrofluidics Corp. v. Advanced Vacuum Components, Inc., 789 F. Supp. 1201, 1206 (D.N.H. 1992).

II.  **BACKGROUND**

Between January 2000 and March 2002, Hensley represented Adam in a series of cases, both civil and criminal, in Hawaiian courts.  Not licensed to practice law in Hawaii, Hensley sought and obtained pro hac vice admission through Attorney Alfred

---

Ruhrgas A.G. v. Marathon Oil Co., 526 U.S. 574, 585 (1999).

Lerma.  Among other cases, Hensley and Lerma represented Adam in a state court civil claim against the insurers of real estate he owned in Hawaii, namely the Hawaii Property Insurance Association ("Hawaii Property") and the Island Insurance Company.  The factual background of that action, which underlies the legal malpractice claim now before this court, was thoroughly but succinctly described by the United States District Court for the District of Hawaii:

> On October 1, 1998, Adam's house in Milolii on the Big Island of Hawaii burned to the ground . . .  Adam has litigated issues surrounding the . . . fire in both federal and state courts for the last seven and a half years . . . .
>
> Adam maintained fire insurance on his Milolii residence with [Hawaii Property], with the policy being serviced by Island Insurance . . . .  On October 2, 1998, the day following the fire, Adam filed a claim under the policy . . . .
>
> Though Island Insurance has never issued Adam a formal denial of his claim, it has consistently stated that it will not cover Adam for the loss from the fire and it continues to maintain that Adam started the fire himself.
>
> On July 27, 1999, . . . Adam filed an Amended Complaint in [state court in] Hawaii alleging that [Hawaii Property] and Island Insurance wrongfully denied him coverage under the insurance policy . . . .  On May 2, 2001, the [state court] dismissed Adam's suit . . . for failure to file a pretrial statement.  Adam did not appeal this ruling and took no

>further action to pursue his rights under the
>contract in state court.

<u>Adam v. Hawaii Prop. Ins. Ass'n</u>, No. 05-304-JMS/BMK, U.S. Dist. LEXIS 25249, at *2-*4 (D. Haw. Jan. 12, 2006).

According to Adam, he allowed the insurance claim to be dismissed due to Hensley's and Lerma's insistence that the assigned judge was biased against their case, but only because Hensley had advised him--albeit erroneously--that the statute of limitations on his claim was six years, leaving him ample time to pursue the case at a later date. Several years later, however, now proceeding <u>pro se</u>:

>Adam [re-filed the claim] against [Hawaii
>Property] and Island Insurance in Federal
>District Court for the District of New
>Hampshire. Adam claim[ed] that he [was]
>entitled to recover for the loss of his home
>under the insurance policy and that the
>defendants engaged in bad faith and fraud in
>denying his claims . . . . Adam also
>contend[ed] that the defendants conspired
>with Lerma, his local counsel in his state
>court action, to mislead Adam about the
>statute of limitations that applied to his
>claim.
>
>    . . . .
>
>. . . [T]he defendants again moved for
>dismissal, or in the alternative, for a
>transfer of venue to the District of Hawaii.
>The New Hampshire District Court concluded
>that it lacked personal jurisdiction over the
>defendants and transferred the case to the
>District of Hawaii.

Id. at *5-*8.  In Hawaii, the district court granted summary judgment for the defendants on statute of limitations grounds.  Id. at 34-35.  Adam appealed the summary judgment order to the U.S. Court of Appeals for the Ninth Circuit, which affirmed.  Adam v. Haw. Prop. Ins. Co., No. 06-15779, slip op. at 3 (9th Cir. Aug. 13, 2007) (unpublished disposition).

Adam then filed this action seeking damages for the loss he attributes to Hensley's negligent legal representation in the Hawaii state court action.  Hensley has moved to dismiss the complaint, asserting:  (1) lack of subject matter jurisdiction, (2) lack of personal jurisdiction, (3) improper venue, (4) failure to state a claim upon which relief can be granted, and (5) failure to join an indispensable party.  Fed. R. Civ. P. 12(b)(1)-(3), (6)-(7).

**III. ANALYSIS**

**A.    Personal jurisdiction**

As noted supra Parti I, when a defendant challenges personal jurisdiction, it is the plaintiff's burden to establish that jurisdiction exists.  Negron-Torres, 478 F.3d at 23.  While the court must liberally construe claims of jurisdiction in the plaintiff's complaint, the plaintiff may not rest on unsupported allegations in the pleadings and must set forth specific facts

which establish jurisdiction. Foster-Miller, Inc. v. Babcock & Wilcox, Can., 46 F.3d 138, 145 (1st Cir. 1995).

In the seminal case of International Shoe Co. v. Washington, the Supreme Court held that "due process requires only that in order to subject a defendant to a judgment in personam . . . he have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." 326 U.S. 310, 316 (1945). In short, due process requires a court to determine whether a defendant "should reasonably anticipate being haled into court [in a foreign state]." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

A court can "exercise authority over a defendant by virtue of either general or specific [personal] jurisdiction." Mass. Sch. of Law v. ABA, 142 F.3d 26, 34 (1st Cir. 1998). General jurisdiction exists over a defendant who has maintained "continuous and systematic" contacts with the forum state, even if that activity is unrelated to the suit. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984); see also Negron-Torres, 478 F.3d at 25. Here, Adam's unsupported allegation that Hensley--a Massachusetts resident not licensed to practice law in New Hampshire--does business in New Hampshire and is admitted "pro hac vice in New Hampshire on a

regular basis" (Compl. ¶ 2) fails to establish "continuous and systematic" activity in New Hampshire.

Unlike general jurisdiction, specific jurisdiction exists "where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts." Negron-Torres, 478 F.3d at 24.[2] First Circuit precedent requires that this court divide the specific jurisdiction inquiry into three categories: (1) relatedness; (2) purposeful availment, and (3) reasonableness. Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 135 (1st Cir. 2006). The court must make "[a]n affirmative finding on each of the three elements . . . to support a finding of specific jurisdiction." Phillips Exeter Acad. v. Howard Phillips Fund, Inc., 196 F.3d 284, 288 (1st Cir. 1999).

To satisfy the relatedness requirement, "the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities." Foster-Miller, 46 F.3d at 144. The defendant's in-state conduct must be "viewed

---

[2] Generally, the exercise of specific jurisdiction over a defendant must be: (1) authorized by the state long-arm statute, and (2) compatible with the due process requirements of the United States Constitution. Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st Cir. 2005). This is a singular inquiry as the New Hampshire long-arm statute, N.H. Rev. Stat. Ann. 510:4, is co-extensive with the federal constitutional limits of due process. Jet Wine & Spirits, Inc. v. Bacardi & Co., 298 F.3d 1 (1st Cir. 2002).

through the prism of plaintiffs' legal malpractice claim." Sawtelle v. Farrell, 70 F.3d 1381, 1389 (1st Cir. 1995). Here, Adam cites two specific instances of contact between Hensley and New Hampshire: (1) a letter Hensley mailed to Adam in New Hampshire requesting a signature (Compl. Ex. E), and (2) a fax sent to Hensley by a New Hampshire attorney stating "Received the following in today's mail.  Have not spoken with Richard this week." (Compl. Ex. D), and (2). In addition to these specific instances cited by Adam, Hensley admitted at the hearing that he had been admitted to the New Hampshire bar pro hac vice on an unrelated matter in 1995.[3] Of these limited contacts, however, none relate to Adam's claim that Hensley provided negligent legal representation. Hensley's legal malpractice, if any, occurred in Hawaii, and possibly Massachusetts,[4] when he allegedly convinced Adam to dismiss his claim based on an incorrect understanding of the applicable statute of limitations. While it may be true that Adam suffered in New Hampshire the effects of Hensley's negligence in another state, the in-state effect of a defendant's out-of-state conduct does not itself confer personal

---

[3] Hensley represented a different client through a criminal trial and the appeal of that conviction.

[4] Adam stated at the hearing that whenever he met with Hensley away from Hawaii it occurred at Hensley's office in Massachusetts, and not in New Hampshire.

8

jurisdiction.  See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985); Phillips Exeter, 196 F.3d at 291.

"Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable."  Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 61 (1st Cir. 2002).  "The focus in this second requirement is on voluntariness and foreseeability."  N. Laminate Sales, Inc. v. Davis, 403 F.3d 14, 25 (1st Cir. 2005).  The First Circuit has expressly decided that "[t]he mere existence of an attorney-client relationship, unaccompanied by other sufficient contacts with the forum, does not confer personal jurisdiction over the non-resident in the forum state; more is required."  Sawtelle, 70 F.3d at 1392.  Here, Hensley's conduct in New Hampshire did not reflect a voluntary decision to avail himself of the privilege of doing business in the state.  Rather, it reflects the fact that Hensley had to communicate with a client who happened to live in New Hampshire.

In addition to relatedness and purposeful availment, the exercise of jurisdiction over a defendant must be reasonable. See Ticketmaster-New York v. Alioto, 26 F.3d 201, 209 (1st Cir.

9

1994).  Reasonableness requires the consideration of five "gestalt factors":  (1) defendant's burden to appear, (2) forum state's interest in adjudicating the dispute, (3) plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.  See Burger King, 471 U.S. at 477.  The reasonableness inquiry operates on a sliding scale that depends on the strength of the plaintiff's showing of relatedness and purposeful availment. Sawtelle, 70 F.3d at 1394.  Where the plaintiff has made a weak showing on relatedness and purposeful availment, the gestalt factors may tip the balance against the exercise of personal jurisdiction.  See Nowak v. Tak How Invs., 94 F.3d 708, 717 (1st Cir. 1996).

Here, although litigating the case in New Hampshire would be more convenient for Adam, and the burden on Hensley to appear in New Hampshire does not appear to be great, there is little judicial or sovereign interest in resolving the matter here. Also, the legal malpractice claim does not require the application of New Hampshire law, La Plante v. Am. Honda Motor Co., 27 F.3d 731, 741 (1994), and the allegedly negligent legal representation occurred in Hawaii, thereby making it likely that

at least some of the key witnesses, including Alfred Lerma, reside outside of New Hampshire. On balance, the gestalt factors do not weigh in favor of finding jurisdiction. Given the weak showing Adam has made on the first two elements, relatedness and purposeful availment, the gestalt factors tip the balance against exercising jurisdiction in this case.

As the court cannot exercise general or specific jurisdiction over Hensley, his motion to dismiss on that basis is granted.

**B.    Venue**

The federal venue statute applicable to cases based on diversity provides, in pertinent part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a) (2006). Where a case has been filed in the wrong federal court, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §

1406(a) (2006). As stated supra Parti I, when a defendant challenges venue, the burden falls on the plaintiff to demonstrate proper venue. See Ferrofluidics Corp. v. Advanced Vacuum Components, Inc., 789 F. Supp. at 1206 (D.N.H. 1992).

Hensley is a resident of Massachusetts. Thus, venue in the District of New Hampshire cannot be grounded on 28 U.S.C. § 1391(a)(1), which would lay venue in the District of Massachusetts. Under § 1391(a)(2), when considering where a "substantial part of the events or omissions giving rise to the claim occurred," the court looks "not to a single 'triggering event' prompting the action, but to the entire sequence of events underlying the claim." Uffner v. La Reunion Francaise, S.A., 244 F.3d 38, 42 (1st Cir. 2001). Here, virtually all of the events giving rise to Adam's legal malpractice claim occurred in Hawaii. The underlying insurance action was litigated in Hawaii, and Hensley spent a considerable amount of time in Hawaii representing Adam, during which the alleged legal malpractice occurred. Thus, venue in New Hampshire is not properly grounded on § 1391 (a)(2), which calls for venue in the District of Hawaii. Because venue in the District of Massachusetts and the District of Hawaii are both proper under §§ 1391(a)(1) and 1391(a)(2), venue in the District of New Hampshire cannot be grounded on 28 U.S.C. § 1391 (a)(3).

Because venue is not proper in the District of New Hampshire, Hensley's motion to dismiss for improper venue is granted.  See 28 U.S.C. § 1406.

**C.   Subject matter jurisdiction**

Hensley also challenges the court's diversity jurisdiction, under Fed. R. Civ. P. 12(b)(1) based on Adam's failure to allege the required amount in controversy.  28 U.S.C. § 1332(A) (2006).  When the "amount in controversy" requirement is challenged, the party seeking to invoke the court's jurisdiction bears the burden of establishing that subject matter jurisdiction exists, supra part I; Stewart v. Tupperware Corp., 356 F.3d at 338, and must "alleg[e] with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount."  Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001).  The court "must construe the complaint liberally, treating all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiffs."  Viqueira, 140 F.3d at 16.  This "does not mean, however, that a court must (or should) accept every allegation made by the complainant," United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992), and the plaintiff "may not rest merely on unsupported conclusions

or interpretations of law." Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).

As a general proposition, "[t]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938); see Spielman, 251 F.3d at 5. Importantly, however, in determining the amount in controversy in a suit over insurance coverage, unless the validity of the entire policy is at issue, "the jurisdictional amount in controversy is measured by the value of the underlying claim--not the face amount of the policy." 14B Charles Alan Wright et al., Federal Practice and Procedure § 3710, at 264 (3d ed. 1998); see also Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1357 (11th Cir. 2005); Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 911 (5th Cir. 2002); Budget Rent-A-Car v. Higashiguchi, 109 F.3d 1471 (9th Cir. 1997); Employers Mut. Cas. Co. v. Parking Towing Co., No. 07-0684, 2007 WL 4577705, at *2 (S.D. Ala. Dec. 27, 2007) ("a high policy limit does not establish a large amount in controversy for the simple reason that the underlying plaintiff's claim may be for far less than the policy limit"); Kelly v. Gen. Star Nat'l Indem. Co., No. 07-1143, 2007 WL 3034654, at *2 (M.D. Fla. Oct. 16, 2007); Daigle

v. State Farm Ins. Co., No. 06-8264, 2007 WL 119460, at *1 (E.D. La. Jan. 11, 2007).

Here, ignoring this rule, Adam argues that the amount in controversy is the face value of the fire insurance policy at issue, or $125,000.  He additionally argues that the home destroyed by the fire "was worth $500,000" and the land "sold for $400,000."  Nowhere in the record, however, has Adam presented any evidence of his actual loss (or a claim for damages) under the policy.[5]  He has therefore failed to carry his burden to show that it is not a legal certainty that the claim involves less than $75,000.  See, Locklear, 742 F. Supp. at 680 (generally, where plaintiff has not pled specific amount in claim for damages, court may not speculate as to what damages may be).  As Adam has failed to properly allege the jurisdictional amount, the court lacks subject matter jurisdiction and Hensley's motion to dismiss is granted on that basis as well.  See Martins v. Empire Indem. Ins. Co., No. 08-60004, 2008 U.S. Dist. LEXIS 22519, *5

---

[5]  The purported market value of Adam's land, as opposed to the house structure, is irrelevant to the court's analysis where he has made no specific claim for damages.  See Locklear v. State Farm Mut. Auto. Ins. Co., 742 F. Supp. 679, 680 (S.D. Ga. 1989) (court cannot speculate as to damages where plaintiff has failed to plead a specific amount).  Further, at oral argument, Adam reminded the court that he had submitted a photograph of the house with his objection.  The court has examined the photo, and finds that it does not establish the requisite value or amount loss.

(S.D. Fla. Mar. 21, 2008) (ruling that "the sole evidence provided by Defendant, i.e., the policy limits for Plaintiff's insurance policy, does not meet Defendant's burden of establishing that the jurisdictional amount in controversy has been met.").

**CONCLUSION**

Based on the arguments and evidence advanced in the parties' pleadings and at the motion hearing, Hensley's motion to dismiss is granted on the following grounds:  (1) the court lacks personal jurisdiction over the defendant, (2) venue is improper in this federal district, and (3) the court lacks subject matter jurisdiction.  The court does not reach the remaining arguments for dismissal.  All other pending motions are dismissed as moot. The Clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Date:  May 16, 2008

cc:  Richard L. Adam, pro se
     Thomas A. Hensley, Esq.