UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Richard Adam

    v.                              Civil No. 07-cv-338-JL

Thomas Arthur Hensley, Esq.


**ORDER**

Richard Adam has filed a pro se motion for reconsideration of the court's order granting summary judgment for the defendant. For the reasons stated below, the motion is denied.

While the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, courts in the First Circuit generally treat such motions as either a motion to alter or amend judgment under Rule 59(e), or a motion for relief from judgment or order under Rule 60(b), depending on the time the motion is served.[1]  See Ofori v. Ruby Tuesday, Inc., 205 Fed. Appx. 851, at *1 (1st Cir. 2006).

---

[1] "Which rule applies to a motion depends essentially on the time a motion is served.  If a motion is served within ten days of the rendition of judgment, the motion will ordinarily fall under 59(e).  If the motion is served after that time it falls under Rule 60(b)."  Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993).  As Adam served his motion more than 10 days after the entry of summary judgment, the court views his motion under Rule 60(b).

In either case, whether analyzed under Rule 59(e) or Rule 60(b), "a motion for reconsideration cannot be used as a vehicle to relitigate and/or rehash matters already litigated and decided by the Court," Horizon Lines, Inc. v. Local 1575, 2006 WL 1451530, *2 (D.P.R. May 19, 2006), and may not be used "to raise new legal theories that should have been raised earlier." Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990).  Motions to reconsider "are granted only where the movant shows a manifest error of law or newly discovered evidence." Kansky v. Coca-Cola Bottling Co., 492 F.3d 54, 60 (1st Cir. 2007).

Adam's motion has failed to identify any error of law or fact in the court's summary judgment decision.  Instead, Adam has presented the court with new evidence, rather than newly discovered evidence, of:  (1) the tax assessed value of his home in Hawaii in 1997, and (2) a tape recording[2] purportedly made of conversations with the defendant.  Both of the evidentiary items which Adam now asks the court to consider were indisputably in his possession well before the court entertained the defendant's motion for summary judgment.  "Where evidence is not newly discovered, a party may not submit that evidence in support of a

---

[2] The copy of the tape that Adam provided to the court is entirely inaudible.

motion for reconsideration." Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir. 1986).

Adam's only remaining argument is that, because the magistrate judge issued a report and recommendation stating "I find that Plaintiff had properly invoked the diversity jurisdiction of this Court," he was not prepared to argue subject matter jurisdiction at the oral argument conducted on May 14, 2008.[3] In making this argument, Adam fails to appreciate that subject matter jurisdiction is always a live issue which the district court is obligated to consider and resolve *sua sponte*. See Perry v. First Citizens Fed. Credit Union (In re Perry), 391 F.3d 282, 284-85 (1st Cir. 2004). Even assuming that Adam could have successfully convinced this court that it possessed subject matter jurisdiction, which is doubtful, the court dismissed his complaint on two independent and sufficient bases: improper venue and lack of personal jurisdiction.

Adam has failed to establish a manifest error of law or present the court with newly discovered evidence. Adam's motion for reconsideration is therefore denied.

---

[3] Prior to the hearing, Adam had fully briefed the issue of subject matter jurisdiction in his opposition to the defendant's motion to dismiss. At the hearing, Adam made his argument to the court.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Date: July 30, 2008

cc:   Richard Adam, pro se
      Thomas A. Hensley, Esq.